No. 15-10311

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

FREDRIC RUSSELL MANCE, JR.; TRACEY AMBEAU HANSON; ANDREW HANSON; CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS,

*Plaintiffs-Appellees*,

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL; THOMAS E. BRANDON, ACTING DIRECTOR, BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendants-Appellants*.

On Appeal from the United States District Court for the Northern District of Texas, Fort Worth Division

**CONSENT MOTION FOR LEAVE TO FILE BRIEF OF THE BRADY CENTER TO PREVENT GUN VIOLENCE AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS-APPELLANTS**

SEAN A. LEV
MATTHEW A. SELIGMAN
EDUARDO F. BRUERA
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
(slev@khhte.com)

*Counsel for Amicus Curiae*

July 20, 2015

# CERTIFICATE OF INTERESTED PERSONS

*Mance, et al. v. Lynch, et al.*, No. 15-10311

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees:**

Fredric Russell Mance, Jr.
Tracey Ambeau Hanson
Andrew Hanson
Citizens Committee For The Right To Keep And Bear Arms

**Counsel for Plaintiffs-Appellees:**

Alan Gura
Gura & Possessky

William B. Mateja
Michael D. Nammar
Fish & Richardson P.C.

**Defendants:**
Loretta Lynch
Thomas E. Brandon

**Counsel for Defendants-Appellants:**

Benjamin C. Mizer
Beth S. Brinkmann
John R. Parker
Mark B. Stern
Michael S. Raab
Tara S. Morrissey

Lesley R. Farby
Daniel M. Riess
U.S. Department of Justice

*Amicus Curiae*:

The Brady Center to Prevent Gun Violence

**Counsel for *Amicus Curiae*:**

Sean A. Lev
Matthew A. Seligman
Eduardo F. Bruera
Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.

July 20, 2015                                       Respectfully submitted,

                                                    /s/ Sean A. Lev
                                                    Sean A. Lev,
                                                    Attorney of Record for The Brady
                                                    Center to Prevent Gun Violence

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the Brady Center to Prevent Gun Violence states that it has no parent corporation, nor has it issued shares or debt securities to the public. The Brady Center to Prevent Gun Violence is a 501(c)(3) non-profit corporation, and no publicly held corporation holds ten percent or more of its stock.

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE***

The Brady Center to Prevent Gun Violence ("Brady Center") respectfully moves the Court, pursuant to Federal Rule of Appellate Procedure 29 and Fifth Circuit Rule 29.1, for leave to file the brief submitted herewith as *amicus curiae* in support of Defendants-Appellants. Pursuant to Federal Rule of Appellate Procedure 29(a), the Brady Center has contacted counsel for Plaintiffs-Appellees Fredric Russell Mance, Jr., Tracey Ambeau Hanson, Andrew Hanson, and the Citizens Committee for the Right to Keep and Bear Arms and counsel for Defendants-Appellants Loretta Lynch, U.S. Attorney General, and Thomas E. Brandon, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and they have consented to the filing of this brief. The parties to this appeal have not contributed to the preparation or filing of the Brady Center's *amicus curiae* brief.

**Interest of the Brady Center**

The Brady Center, as a non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy, has a clear "interest" in this case, as required by Federal Rule of Appellate Procedure 29. Fed. R. App. P. 29(b)(1); *see* 5th Cir. R. 29.2. The Brady Center's membership includes individuals who are concerned with, and are affected by, the public health and safety issues stemming from gun violence. Given its objectives and membership,

the Brady Center has a substantial interest in ensuring that the Second Amendment is not misinterpreted as a barrier to strong and effective government action to prevent gun violence. The Brady Center's strong interest in these issues is demonstrated by the fact that it has filed numerous briefs *amicus curiae* in cases involving the constitutionality and interpretation of gun laws, including *District of Columbia v. Heller*, 554 U.S. 570 (2008), *United States v. Hayes*, 555 U.S. 415, 427 (2009) (citing Brady Center brief), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *Abramski v. United States*, 134 S. Ct. 2259 (2014), and *National Rifle Association v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185 (5th Cir. 2012).

## The Contribution of the Brady Center's Brief

As required by Federal Rule of Appellate Procedure 29, the Brady Center's brief is both a "desirable" contribution and "relevant" to the issues involved in this appeal in two ways. Fed. R. App. P. 29(b)(2). *First*, in *amicus*'s view, the district court failed to recognize that the challenged federal statute and regulation play a critical role in facilitating gun dealers' and purchasers' compliance with lawful—and unchallenged—State firearms regulations. As *amicus*'s brief explains, States vary widely in the substance of their firearms regulatory regimes. The challenged laws, by requiring that purchasers receive the weapons they purchase out-of-state through a licensed dealer within their home jurisdictions, avoid the problem of out-

of-state dealers having to monitor and comply with these numerous and varying regulatory regimes. Furthermore, allowing interstate sales direct to consumers would undermine the effective enforcement of State law because local law enforcement lacks the resources and the legal authority to monitor, inspect, and prosecute out-of-state dealers selling firearms to their citizens.

*Second*, the Brady Center's brief shows that empirical evidence and social science research support the key purpose of the challenged laws: preventing out-of-state purchasers from circumventing state firearms regimes. Recent statistical research has shown that States are effective at preventing the intrastate diversion of guns within their own borders through their firearms regulations. Conversely, data regarding gun trafficking and flows from the Bureau of Alcohol, Tobacco, Firearms and Explosives demonstrate that there is significant interstate trafficking of firearms from States with less comprehensive firearms regimes to those with more comprehensive regimes. As *amicus*'s brief explains, these data support the reasonableness and constitutionality of Congress's decision to require that out-of-state firearms purchases be received through an in-state dealer.

Dated: July 20, 2015　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Sean A. Lev
　　　　　　　　　　　　　　　　　SEAN A. LEV
　　　　　　　　　　　　　　　　　MATTHEW A. SELIGMAN
　　　　　　　　　　　　　　　　　EDUARDO F. BRUERA
　　　　　　　　　　　　　　　　　KELLOGG, HUBER, HANSEN, TODD,
　　　　　　　　　　　　　　　　　　　EVANS & FIGEL, P.L.L.C.
　　　　　　　　　　　　　　　　　1615 M Street, N.W., Suite 400
　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　(202) 326-7900
　　　　　　　　　　　　　　　　　(slev@khhte.com)

　　　　　　　　　　　　　　　　　*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2015, I electronically filed the foregoing Motion for Leave to File Brief of the Brady Center to Prevent Gun Violence as *Amicus Curiae* in Support of Defendants-Appellants with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will send notice of such filing to all participants in the case.

/s/ Sean A. Lev
Sean A. Lev

*Counsel for Amicus Curiae*