No. 15-10311

# In the United States Court of Appeals for the Fifth Circuit

---

FREDRIC RUSSELL MANCE, JR., TRACEY AMBEAU HANSON,
ANDREW HANSON, AND CITIZENS COMMITTEE FOR THE RIGHT TO
KEEP AND BEAR ARMS,

Plaintiffs-Appellees,

v.

LORETTA LYNCH, ATTORNEY GENERAL OF THE UNITED STATES;
AND THOMAS E. BRANDON, ACTING DIRECTOR, BUREAU OF ALCOHOL,
TOBACCO, FIREARMS, AND EXPLOSIVES,

Defendants-Appellants.

---

Appeal from a Judgment of the United States District Court
for the Northern District of Texas
The Hon. Reed O'Connor, District Judge
(Dist. Ct. No. 4:14-CV-539-O)

---

APPELLEES' RECORD EXCERPTS

---

| | |
|---|---|
| William B. Mateja | Alan Gura |
| Michael D. Nammar | Counsel of Record |
| FISH & RICHARDSON P.C. | GURA & POSSESSKY, PLLC |
| 1717 Main Street, Suite 5000 | 105 Oronoco Street, Suite 305 |
| Dallas, TX 75201 | Alexandria, VA 22314 |
| 214.747.5070/Fax 214.747.2091 | 703.835.9085/703.997.7665 |
| | |
| August 17, 2015 | Counsel for Appellees |

Table of Contents

Record Excerpt                                                          Tab

Declaration of Fredric Russell Mance, Jr.. . . . . . . . . . . . . . . . . . . . . . . . . . 1

Declaration of Andrew Hanson. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Declaration of Tracey Ambeau Hanson. . . . . . . . . . . . . . . . . . . . . . . . . . 3

Declaration of Julianne Versnel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

* * *

Certificate of Service

TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § | Case No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

### DECLARATION OF FREDRIC RUSSELL MANCE, JR.

I, Fredric Russell Mance, Jr., declare:

1. I am a citizen of the United States and a resident of Texas. I hold a Federal Firearms License ("FFL"), pursuant to which I retail handguns in Arlington, Texas.

2. I would sell handguns directly to consumers residing in other states, and in the District of Columbia, to the extent lawful under state and District law, but I refrain from doing so because that conduct is prohibited by the federal interstate handgun transfer ban, 18 U.S.C. § 922(b)(3).

3. I fear arrest, prosecution, incarceration, and fines were I to violate the law. Accordingly, when handgun consumers residing outside Texas approach me about purchasing handguns, I decline to engage in those sales, and instead, offer only to ship the consumers' desired handguns to dealers in their states or the District of Columbia for transfer there. Compliance with the federal interstate handgun transfer ban thus makes my handguns more expensive for these out-of-state consumers, to say nothing of the delay inherent in completing such transactions. The federal interstate handgun ban has cost me sales and continues to cost me sales.

4. I would not transfer to a Texas resident, free of charge, a handgun arriving from an out-of-state dealer, as doing so would directly undermine my business. It is the standard practice in the firearm industry to charge for out-of-state transfers.

5. On June 21, 2014, Andrew and Tracey Hanson visited me at my place of business in Arlington, Texas, as they are each in the market for the purchase of handguns.

6. The Hansons each identified a handgun in my inventory that is legal for them to possess in Washington, D.C, and which each would have purchased from me directly, and which I would have sold them directly, if only it were legal to do so.

7. Because the Hansons do not reside in Texas, and do not wish to violate federal law, they would not take delivery of a handgun from me, nor would they bring a handgun purchased directly outside of Washington, D.C. to their home. Nor would the Hansons make any false statement on a Form 4473.

8. I would not transfer any handguns to Tracey or Andrew Hanson, because doing so would violate the federal interstate handgun transfer ban.

9. Rather than violate the law, or have the handguns shipped at their expense for transfer, at their expense, through a District of Columbia-based federal firearms licensee, the Hansons and I agreed to refrain from completing any handgun transfers unless it became legal for the Hansons to take delivery of the handguns from me. We memorialized that intent by completing, in each other's presence as required by District of Columbia law, the District of Columbia's PD-219 forms. I verified that the Hansons' credit card would be valid to complete the purchases, but no money, or firearms, changed hands.

10. But for the federal interstate handgun transfer ban, the Hansons, and other individuals located throughout the country, would directly purchase the handguns from me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 10th day of July, 2014, at Arlington, Texas.

*[signature: Fredric Russell Mance Jr.]*
_____
Fredric Russell Mance, Jr.

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § § | Case No. |
| Plaintiffs, | § § | |
| v. | § § | |
| ERIC HOLDER, et al., | § § | |
| Defendants. | § § | |

**DECLARATION OF ANDREW HANSON**

I, Andrew Hanson, declare:

1. I am a citizen of the United States and a resident of Washington, D.C.

2. I am over the age of 21, am not under indictment, have never been convicted of a felony or misdemeanor crime of domestic violence, am not a fugitive from justice, am not an unlawful user of or addicted to any controlled substance, have never been adjudicated a mental defective or committed to a mental institution, have never been discharged from the Armed Forces under dishonorable conditions, have never renounced my citizenship, and have never been the subject of a restraining order relating to an intimate partner.

3. I would shop for and buy handguns directly from federally-licensed dealers outside of Washington, D.C., to the extent lawful under state and District law, but I refrain from doing so because that conduct is prohibited by the federal interstate handgun transfer ban, 18 U.S.C. § 922(b)(3).

4. I fear arrest, prosecution, incarceration, and fine were I to violate the law. Because I cannot directly access the national handgun market outside of Washington, D.C., I face higher costs in purchasing handguns. Any handgun that I would purchase outside of Washington, D.C. would

have to be shipped, at my expense, to an "in state" federal licensee, assuming the seller is even willing to effect such shipments. The receiving federal licensee would then charge me a fee to complete the transfer. This would insulate any D.C.-based firearms retailer from competition and severely limit my choice as a consumer. Indeed, there are no federally-licensed firearms retailers in Washington, D.C., and the only licensee willing to effect a transfer charges $125.

5. Because District of Columbia law allows me to purchase handguns directly out-of-state, and there are various states that do not prohibit me, as a D.C. resident, from acquiring handguns, it is only the federal interstate handgun transfer ban that causes me to sustain shipping and transfer fees when buying handguns.

6. On June 21, 2014, my wife Tracey and I visited Fredric Mance at his place of business in Arlington, Texas, as we are each in the market for the purchase of handguns for self-defense.

7. I identified a handgun in Mance's inventory that is legal for me to possess in Washington, D.C., and which I would have purchased from Mance directly, and which he would have sold me directly, if only it were legal to do so.

8. Because I do not reside in Texas, and do not wish to violate federal law, I would not take delivery of a handgun from Mance, nor would I bring a handgun purchased directly outside of Washington, D.C. to my home. Nor would I make any false statement on a Form 4473.

9. Mance would not transfer any handgun to me, because doing so would violate the federal interstate handgun transfer ban.

10. Rather than violate the law, or have the handguns shipped at my expense for transfer, again at my expense, through a District of Columbia-based federal firearms licensee, Mance and I agreed to refrain from completing any handgun transfers unless it became legal for me to take

delivery of the handgun from him. We memorialized that intent by completing, in each other's presence as required by District of Columbia law, the District of Columbia's PD-219 form. Mance verified that the my credit card would be valid to complete the purchase, but no money, or firearms, changed hands.

11.   But for the federal interstate handgun transfer ban, I would directly purchase the handgun from Mance. I would also shop for, and purchase, handguns from other dealers outside of Washington, D.C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 11th day of July, 2014, at Washington, D.C.

*[signature]*
Andrew Hanson

3

TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § | Case No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

### DECLARATION OF TRACEY AMBEAU HANSON

I, Tracey Ambeau Hanson, declare:

1. I am a citizen of the United States and a resident of Washington, D.C.

2. I am over the age of 21, am not under indictment, have never been convicted of a felony or misdemeanor crime of domestic violence, am not a fugitive from justice, am not an unlawful user of or addicted to any controlled substance, have never been adjudicated a mental defective or committed to a mental institution, have never been discharged from the Armed Forces under dishonorable conditions, have never renounced my citizenship, and have never been the subject of a restraining order relating to an intimate partner.

3. I would shop for and buy handguns directly from federally-licensed dealers outside of Washington, D.C., to the extent lawful under state and District law, but I refrain from doing so because that conduct is prohibited by the federal interstate handgun transfer ban, 18 U.S.C. § 922(b)(3).

4. I fear arrest, prosecution, incarceration, and fine were I to violate the law. Because I cannot directly access the national handgun market outside of Washington, D.C., I face higher costs in purchasing handguns. Any handgun that I would purchase outside of Washington, D.C. would

have to be shipped, at my expense, to an "in state" federal licensee, assuming the seller is even willing to effect such shipments. The receiving federal licensee would then charge me a fee to complete the transfer. This would insulate any D.C.-based firearms retailer from competition and severely limit my choice as a consumer. Indeed, there are no federally-licensed firearms retailers in Washington, D.C., and the only licensee willing to effect a transfer charges $125.

5. Because District of Columbia law allows me to purchase handguns directly out-of-state, and there are various states that do not prohibit me, as a D.C. resident, from acquiring handguns, it is only the federal interstate handgun transfer ban that causes me to sustain shipping and transfer fees when buying handguns.

6. On June 21, 2014, my husband Andrew and I visited Fredric Mance at his place of business in Arlington, Texas, as we are each in the market for the purchase of handguns for self-defense.

7. I identified a handgun in Mance's inventory that is legal for me to possess in Washington, D.C., and which I would have purchased from Mance directly, and which he would have sold me directly, if only it were legal to do so.

8. Because I do not reside in Texas, and do not wish to violate federal law, I would not take delivery of a handgun from Mance, nor would I bring a handgun purchased directly outside of Washington, D.C. to my home. Nor would I make any false statement on a Form 4473.

9. Mance would not transfer any handgun to me, because doing so would violate the federal interstate handgun transfer ban.

10. Rather than violate the law, or have the handguns shipped at my expense for transfer, again at my expense, through a District of Columbia-based federal firearms licensee, Mance and I agreed to refrain from completing any handgun transfers unless it became legal for me to take

delivery of the handgun from him. We memorialized that intent by completing, in each other's presence as required by District of Columbia law, the District of Columbia's PD-219 form. Mance verified that the my credit card would be valid to complete the purchase, but no money, or firearms, changed hands.

11.    But for the federal interstate handgun transfer ban, I would directly purchase the handgun from Mance. I would also shop for, and purchase, handguns from other dealers outside of Washington, D.C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 11 day of July, 2014, at Washington, D.C.

_____
Tracey Ambeau Hanson

3

TAB 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDRIC RUSSELL MANCE, JR., et al., | § | Case No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC HOLDER, et al., | § | |
| | § | |
| Defendants. | § | |

**DECLARATION OF JULIANNE VERSNEL**

I, Julianne Versnel, declare:

1. I am the Director of Operations of the Citizens Committee for the Right to Keep and Bear Arms ("the Committee"). The Committee is a membership association organized under the laws of the State of Washington, with its principal place of business in Bellevue, Washington, dedicated to promoting the benefits of the right to bear arms. The Committee's non-profit status is recognized under Section 501(c)(4) of the Internal Revenue Code. The Committee has approximately 525,000 members throughout the United States, including in Texas. Fredric Mance, Tracey Ambeau Hanson and Andrew Hanson are members of the Committee.

2. The Committee's members include law-abiding, responsible Americans throughout the United States who desire to, and do, purchase handguns for traditional lawful purposes, including self-defense. Some of the Committee's members reside in states that, like the District of Columbia, do not prohibit purchasing handguns out of state. Some of the Committee's members also reside in states that, like the District of Columbia, require a license or pre-registration to purchase handguns. But for the federal interstate handgun transfer ban, Committee members would purchase handguns from dealers located outside their state of residence. The federal interstate handgun

transfer ban thus frustrates these intended sales. To the extent that Committee members do purchase handguns, the federal interstate handgun ban limits their choices as consumers, harms competition in the market, and raises prices, owing both to the fact that in-state dealers are shielded from competition by a national handgun market, and to the shipping and transfer fees that are incurred in the course of interstate handgun sales solely as a direct result of the federal interstate handgun transfer ban. The Committee brings this action on behalf of these members.

3. The Committee's members include law-abiding, responsible Americans throughout the United States who desire to, and do, sell handguns for traditional lawful purposes, including self-defense. Some of these Committee members sell handguns in states that do not forbid the sale of handguns to non-residents. But for the federal interstate handgun transfer ban, Committee members would sell handguns directly to consumers outside the state in which they transact business. The federal interstate handgun transfer ban thus frustrates these intended sales. To the extent that Committee members do sell handguns with the expectation that they would be owned by consumers outside the sellers' states, the federal interstate handgun ban makes these sales less competitive, as the ban requires that handguns be shipped and then transferred through a second dealer. The Committee brings this action on behalf of these members as well, who in turn, would assert not only their rights, but the rights of their consumers throughout the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 4 day of July, 2014, at Bellevue, Washington.

_____
Julianne Versnel

2

# CERTIFICATE OF SERVICE

On this, the 17th day of August, 2015, I electronically filed the attached Record Excerpts with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system on August 17, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 17th day of August, 2015.


        /s/ Alan Gura
        Alan Gura