

916 Prince Street, Suite 107  
Alexandria, Virginia 22314  
Tel 703.835.9085  
Fax 703.997.7665

www.gurapossessky.com

January 4, 2016

The Hon. Lyle W. Cace  
Clerk, United States Court of Appeals  
  for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130

    Re:   *Mance* v. *Lynch*  
           U.S. Court of Appeals, 5th Cir., No. 15-10311

    Supplemental Authority per Fed. R. App. P. 28(j)

Dear Mr. Cace:

    The Government admitted that where a law "is applicable to" "a proposed course of conduct, it doesn't require a plaintiff to be under imminent threat of prosecution in order to have standing." ROA.593, l.3-6; *see Medimmune, Inc.* v. *Genentech, Inc.*, 549 U.S. 118, 129 (2007). Section 922(b)(3) "certainly implicate[s]" "Mance's course of conduct." ROA.593, l.7-11.

    "[W]e no longer contend that the law would not apply to Mr. Mance or that he has no sufficient fear of prosecution." ROA.593, l.16-18. At times, the Government also admitted to the consumer-Plaintiffs' injuries. ROA.572, l.23-25; ROA.575, l.23-ROA.576, l.3; ROA.577, l.12-13. When one plaintiff demonstrates standing, the standing inquiry typically ceases. *Vill. of Arlington Heights* v. *Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977).

    As Plaintiffs exhaustively briefed below, ROA.300-320, precedent confirms their standing, including: *Carey* v. *Pop. Servs. Int'l*, 431 U.S. 678, 689 (1977); *Reliable Consultants* v. *Earle*, 517 F.3d 738, 743 (5th Cir. 2008) (seller has standing to challenge sex toy sales ban); *United*

*States* v. *Coil*, 442 F.3d 912, 915 n.2 (5th Cir. 2006) (Government "does not offer a serious argument to rebut standing" of vendor on behalf of consumers' constitutional rights); *Ezell* v. *City of Chicago*, 651 F.3d 684, 696 (7th Cir. 2011) ("Action Target, as a supplier of firing-range facilities, is harmed by the firing-range ban"); *Freeman* v. *Corzine*, 629 F.3d 146, 154-55 (3d Cir. 2010) (consumers' standing to challenge alcohol sales restrictions); *Bridenbaugh* v. *Freeman-Wilson*, 227 F.3d 848, 850 (7th Cir. 2000) (same: "Plaintiffs need not be the immediate target of a statute to challenge it") (citations omitted); *Ill. Ass'n of Firearms Retailers* v. *City of Chicago*, 961 F. Supp. 2d 928, 931 & n.3 (N.D. Ill. 2014) (retailers' standing to challenge gun store ban).

Directly on-point, the D.C. Circuit affirmed the standing of a consumer barred from purchasing handguns for lack of residence in a state per Section 922(b)(3). *Dearth* v. *Holder*, 641 F.3d 499 (D.C. Cir. 2011).

Sincerely,

/s/ Alan Gura

Alan Gura
Counsel for Plaintiffs-Appellees

Certificate of Compliance

This letter complies with the word count limitation of Fed. R. App. 28(j), as it contains 350 words in the body of the letter as automatically totaled by WordPerfect X4.

/s/ Alan Gura
Alan Gura

Certificate of Service

On this, the 4th day of January, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan Gura
Alan Gura