

916 Prince Street, Suite 107  
Alexandria, Virginia 22314  
Tel   703.835.9085  
Fax  703.997.7665

www.gurapossessky.com

January 5, 2016

The Hon. Lyle W. Cace  
Clerk, United States Court of Appeals  
  for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130

    Re:   *Mance* v. *Lynch*  
           U.S. Court of Appeals, 5th Cir., No. 15-10311

    Supplemental Authority per Fed. R. App. P. 28(j)

Dear Mr. Cace:

    In challenging consumer-Plaintiffs' standing, the Government advanced an argument not made, and not considered, in *Lane* v. *Holder*, 703 F.3d 668 (4th Cir. 2012). This argument was also absent from *NRA* v. *BATFE*, 700 F.3d 185 (5th Cir. 2012), as it was inapplicable to the facts of that case. But it is relevant here.

    The Government argued below that consumer-Plaintiffs could not obtain complete relief on their original complaint because even if they could overcome Section 922(b)(3), which operates directly against dealers, they would be prosecuted under Section 922(a)(3), which operates directly against anyone who brings home handguns acquired outside one's state of residence:

> [A] different federal statute, not challenged by Plaintiffs, prohibits them from purchasing handguns from Mance and transporting them to their residence in the District of Columbia . . . because Plaintiffs do not challenge Section 922(a)(3), even a favorable ruling would not be likely to redress the Hanson Plaintiffs' alleged

injuries; Section 922(a)(3) would still prohibit them from transporting a firearm purchased in Texas into Washington, D.C.

ROA.80 (citations omitted). "[T]he Hanson Plaintiffs lack redressability because [Section 922(a)(3)]—a provision not challenged by Plaintiffs—would independently prohibit them from purchasing a handgun from Plaintiff Mance without the involvement of a licensed District of Columbia FFL." ROA.341; ROA.352. The Hansons had each declared that because they would not violate federal law, they would not "bring a handgun purchased directly outside of Washington, D.C. to my home." ROA.284, ¶ 8; ROA.287, ¶ 8.

The District Court granted Plaintiffs' unopposed motion to amend their complaint to add a challenge to Section 922(a)(3), ROA.445, and enjoined that provision, ROA.490-91.

Consumer-Plaintiffs plainly have standing to bring this lawsuit. The Government itself made a point of their inability to obtain relief absent an injunction against prosecution under Section 922(a)(3).

Sincerely,

/s/ Alan Gura

Alan Gura
Counsel for Plaintiffs-Appellees

Certificate of Compliance

This letter complies with the word count limitation of Fed. R. App. 28(j), as it contains 314 words in the body of the letter as automatically totaled by WordPerfect X4.

/s/ Alan Gura
Alan Gura

Certificate of Service

On this, the 5th day of January, 2016, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Alan Gura
Alan Gura