

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7261
Washington, D.C. 20530-0001

MBS:MSR:TMorrissey

Tel: (202) 353-9018

May 19, 2016

The Hon. Lyle W. Cace
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:    *Mance v. Lynch*, No. 15-10311
            (Oral argument held Jan. 6, 2016, before Judges Prado, Owen, and
            Haynes)

       Plaintiffs filed as supplemental authority the Ninth Circuit's recent decision in *Teixeira v. v. County of Alameda*, No. 13-17132 (9th Cir. May 16, 2016). This decision illustrates why plaintiffs cannot succeed at step two of this Court's analysis.

       *Teixeira* confirms that intermediate scrutiny—not strict scrutiny—is the proper standard of review in this case. The Ninth Circuit explained that intermediate scrutiny applies to regulations of "the *manner* in which persons may exercise their Second Amendment rights," analogizing to the First Amendment context, where intermediate scrutiny applies to "content-neutral speech restriction[s] that regulate[] only the time, place, or manner of speech." Op. 26. The court explained that a local ordinance that merely regulates the location of gun stores, as opposed to banning stores, is subject to intermediate scrutiny. *Id.* Under the Ninth Circuit's reasoning, intermediate scrutiny applies to the in-state sales requirements at issue in this case because those requirements merely specify the manner in which an individual may purchase an out-of-state firearm. Reply Br. 17; *see also* Gov't Br. 22-28; Reply Br. 9-18. The challenged laws ensure that in-state dealers finalize the sale of out-of-state handguns; the laws do not ban sales.

       Moreover, intermediate scrutiny is appropriate because the in-state sales requirements "do[] not substantially prevent law-abiding citizens from using firearms

to defend themselves in the home." Op. 26. The requirements impose an even lesser burden than the local ordinance in *Teixeira*, because they do not affect in-state sales.

In *Teixeira*, the county failed to show that gun stores increase crime in the area. Op. 31-32. Here, by contrast, there is a clear link between out-of-state firearms sales and handgun trafficking, and the government demonstrated that in-state dealers can help ensure the legality of the sale of out-of-state firearms. Gov't Br. 30-37; Reply Br. 18-24.

In addition, *Teixeira* confirms that plaintiffs' equal-protection challenge is meritless. *See* Gov't Br. 38-41; Reply Br. 25-27. As the Ninth Circuit explained, when a claim is "no more than a [Second] Amendment claim dressed in equal protection clothing, it is subsumed by, and coextensive with" the merits of a Second Amendment claim. Op. 11.

Sincerely,

*s/ Tara S. Morrissey*

TARA S. MORRISSEY
U.S. Department of Justice
Appellate Staff, Civil Division

## CERTIFICATE OF COMPLIANCE

This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 350 words as automatically totaled by Microsoft Word.

 <i>s/ Tara S. Morrissey</i>
TARA S. MORRISSEY

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2016, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 <i>s/ Tara S. Morrissey</i>
TARA S. MORRISSEY